UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL NOVAK, CHRISTINA NOVAK )
and their daughter, T.N., )
)
Plaintiffs, ) No. 13-cv-8861
)
v. ) Jeffrey T. Gilbert
) Magistrate Judge
LEVENFELD PEARLSTEIN, STATE )
PARKWAY CONDOMINIUM ASS'N, )
THE BOARD OF THE STATE PARKWAY )
CONDOMINIUM ASS'N, DONNA WEBER, )
and LIEBERMAN MANAGEMENT SERVS., )
INC., )
)
Defendants. )

## ORDER

Defendants' Second Amended Motion for Protective Order [ECF No. 276] is granted in part and denied in part. Defendants shall produce the documents that they are required to produce in accordance with this Order by 7/11/16, which is 15 days from the date of this Order. A status hearing is set for 8/4/16 at 11:00 a.m. See Statement for further details.

## STATEMENT

Defendants The Board of Directors of the State Parkway Condominium Association, Lieberman Management Services, Inc., and Donna Weber (collectively, "Association Defendants") have moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Association Defendants seek protection against written discovery served by Plaintiffs Michael Novak, Christina Novak, and T.N. (collectively, "Plaintiffs").

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).

To determine the scope of discovery in this case, the place to begin is with the claims now before the Court. In their complaint, Plaintiffs alleged claims under the Fair Housing Act ("FHA"), and under state law (Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress). In 2014, the Court dismissed all of the state law claims and the FHA claim against Levenfeld Pearlstein. [ECF No. 99, at 21, 23, 26.] That left the FHA claims—Counts II through IV—which allege discrimination and retaliation (including coercion, harassment, and so on) by Association Defendants.

Each of the surviving FHA claims is limited in its temporal scope. Plaintiffs allege in each count that Association Defendants discriminated and retaliated against them "[f]rom at least September 4, 2007[.]" [ECF No. 1, ¶¶ 65, 76, 87.] According to paragraph 1 of the complaint, the Association Defendants have engaged in discriminatory and retaliatory conduct "ever since . . . January 2007." *Id.* ¶ 1. *See also id.* ¶¶ 13 ("On or about January 3, 2007, [Mr. Novak] engaged in protected activity . . . ."); 44 ("Between the filing of MJN's first HUD Complaint in January 2007 and this lawsuit . . . ."). The first specific instance of discrimination or retaliation alleged in the complaint occurred in September, 2007. *Id.* ¶ 14. The only reference in the complaint to pre-2007 conduct has to do with two fines allegedly assessed against Plaintiffs in December, 2006. *Id.* ¶¶ 40, 41. Thus, the reasonable reading of the complaint that is most favorable to Plaintiffs reveals that the claims at issue in this case do not involve discrimination or retaliation that occurred before December, 2006.

The surviving FHA claims are also limited in their substantive sweep. There is one paragraph of the complaint that alleges in vague, general terms that "there were also numerous other incidents" (i.e. instances not described in the complaint) of discrimination and retaliation. *Id.* ¶ 44. But each count limits itself to the factual allegations in the complaint, referring three times to either "[t]he discriminatory practices described above" or "[t]he conduct described above." *Id.* ¶¶ 67, 68, 69, 78, 79, 80, 89, 90, 91.

The complaint is premised upon three main sets of factual allegations. First, Plaintiffs allege that Association Defendants discriminated and retaliated against Plaintiffs with respect to their service animal. *Id.* ¶¶ 15-23, 25, 28-29, 31. Plaintiffs specifically allege that Association Defendants improperly (1) prohibited Plaintiffs from brining their service animal through common areas and on the passenger elevator, (2) harassed Plaintiffs for doing so (by asking questions and threatening to discipline them), and (3) actually imposed improper discipline for doing so (mostly in the form of fines). *Id.* Second, Plaintiffs allege that Association Defendants retaliated against them for complaining about Association Defendants' conduct by filing a state court lawsuit that Association Defendants knew was meritless. *Id.* ¶¶ 30, 32-38. Third, Plaintiffs allege that Association Defendants discriminated and retaliated against them by threatening to and actually imposing improper discipline for supposed violations of the condominium association's rules regarding pets, noise, and standards of behavior. *Id.* ¶¶ 39-43. Plaintiffs allege that Association Defendants falsely accused them of violating the rules at least twelve times, and imposed fines without following the proper procedural requirements at least seven times (which ultimately resulted in a lien on their home). *Id.*

The complaint also briefly mentions several additional matters. Plaintiffs allege that, in October, 2007, they asked Association Defendants, among other things, not to take photos of T.N., and to permit Plaintiffs to email vendors and watch TV in the exercise room. *Id.* ¶ 27-28. Plaintiffs also allege that, when responding to these requests, Association Defendants accused them of being too noisy. *Id.* Plaintiffs further allege that some of the Association Defendants retaliated against Plaintiffs by not allowing them to speak at certain meetings of the Board of Directors, telling them to stop emailing management, banning them from entering Defendant Weber's office unless there was an emergency, and falsely accusing them of making too many

document requests. *Id.* ¶¶ 24, 27, 28. Plaintiffs also allege that Association Defendants improperly denied their request to have a doorman open the south perimeter gate (it is unclear whether this allegedly was discrimination, retaliation, or both). *Id.* ¶ 28. Finally, in their requests for relief, Plaintiffs reference: rule changes that targeted Plaintiffs (specifically those involving deliveries, and the stairwells and hallways), reconnecting the lobby channel, and providing CART services and transcripts when Plaintiffs request them. *Id.* ¶¶ 1, 50, pp. 22-23, 25-26, 28-29.[1]

These allegations define the extent of Plaintiffs' claims in this case, and, therefore, the appropriate scope of discovery. The Court now will address each of the six parts of Association Defendants' motion.

### 1. Contact with former counsel

Association Defendants claim that Plaintiffs have continued to contact former counsel for various defendants, who, during the lengthy duration of this litigation, have moved to new firms and no longer represent any party to this action. [ECF No. 276, at 9.] Plaintiffs respond by saying they have not contacted one particular former attorney since August 21, 2015. [ECF No. 287, at 21.] It is unclear whether Plaintiffs have continued to contact other former counsel for any defendant.

At this time, the Court finds Association Defendants' generalized allegations of annoying and harassing conduct to be insufficient to satisfy their burden under Rule 26(c). *See Swoope v. Gary Cmty. Sch. Corp.*, 2013 WL 6331101, at *4 (N.D. Ind. Dec. 4, 2013) ("Because Gary School District carries the burden to show that the protective order is warranted and because there cannot be a blanket ban against Swoope contacting employees, Gary School District's failure to show that the specific employees that Swoope made ex parte communications with should not have been contacted is fatal to its motion."). Further, it is not clear that Association Defendants have standing to complain of Plaintiffs' conduct directed at others. Regardless, Association Defendants' request for relief concerning Plaintiffs' contact with former counsel is denied.

### 2. Copies of documents to which Plaintiffs have equal access or control

Association Defendants argue that they should not have to respond to certain discovery requests because Plaintiffs already possess or have equal access to the sought-after information. [ECF No. 276, at 9-10.] Association Defendants take issue with several specific requests. Request No. 28 of Plaintiffs' First Set of Requests for Production of Documents to Defendants ("First Set of Requests for Production") requests all emails between any plaintiff and any association defendant between September 4, 2007, and March 30, 2008. [ECF No. 276-1, at 18.] Request No. 30 seeks copies of any record requests submitted by any plaintiff to State Parkway

---

[1] Plaintiffs request additional relief that does not illuminate the contours of their claims. [ECF No. 1, at pp. 22-23, 25-26, 28-29.]

3

for the same time period. *Id.* Finally, a series of requests—Request Nos. 33 through 37—asks for written correspondence between Plaintiffs and Association Defendants.

The entire premise of Association Defendants' objection to these requests is that Plaintiffs either possess these documents or have equal access to them. This is not a proper objection. That Plaintiffs may have some documents they are asking Association Defendants to produce does not excuse, on its own, Association Defendants from producing those same documents. Association Defendants do not flesh out whether their objection is based in any part on the burden of producing these documents. If the documents are organized and in a position to be produced, there may be no burden at all. Further, under certain circumstances, it may be important or material, including for evidentiary purposes, that Association Defendants possessed or produced certain documents. On the other hand, if Association Defendants previously have produced to Plaintiffs certain documents in other contexts, such as in the state court lawsuit, that may excuse them from having to do so again. Because it is not clear what Association Defendants are saying, this objection is overruled.

### 3. General temporal and scope limitations

Association Defendants state in general terms that they think discovery in this case should be limited in time and scope. [ECF No. 276, at 10.] With respect to time, Association Defendants state that discovery should be limited to the time period between 2008 and the filing of the complaint in this case. *Id.* With respect to scope, Association Defendants state that discovery should be limited to the events underlying Plaintiffs' claims, as reflected in their Complaint. *Id.*

As discussed above, the earliest allegations in Plaintiffs' complaint relate to events that occurred in December, 2006. Therefore, the Court finds that, as a general matter, that marks the relevant starting point for discovery in this case. Of course, some specific discovery requests may appropriately seek information predating December, 2006. The Court, however, cannot assess in the abstract such exceptions to this general timeframe.

With respect to scope, the Court agrees that Rule 26(b)(1) generally limits discovery to materials that are relevant to the claims or defenses in this case.

### 4. Personal financial information of individual defendants

Association Defendants argue that certain discovery requests improperly seek the personal financial information of individual defendants. [ECF No. 276, at 8-9.] Specifically, Requests No. 45, 46, and 47 from the First Set of Requests for Production seek appraisals of property owned by defendants, detailed information about defendants' bank and investment accounts (including their account numbers), and detailed information about any loans owed by defendants (again including account numbers). [ECF No. 276-1, at 19.]

None of these requests have anything to do with whether any defendant discriminated or retaliated against Plaintiffs in violation of the FHA. Plaintiffs only defense of these requests is

4

that the sought-after information will be necessary because "upon information and belief" State Parkway's insurer will not indemnify Association Defendants. [ECF No. 287, at 19.] This assertion is based entirely on speculation.[2] Moreover, even if Plaintiffs were entitled to some discovery regarding certain defendant's financial condition, these requests clearly are overbroad. *See Platcher v. Health Professionals, Ltd.*, 2007 WL 2772855, at *3 (C.D. Ill. Sept. 18, 2007) ("Plaintiff seeks extensive financial records over the past three years, including state and federal income tax returns, mortgage deeds, account statements, stocks, bonds, mutual funds and securities. Only Defendants' *current* assets and liabilities are relevant to the punitive damages claims against them, and the documents requested far exceed what is necessary to establish those figures."). These requests also are premature to the extent they are motivated by a concern about collection of any judgement that might be entered against any defendant in the future. Plaintiffs have not satisfied the Court that this discovery is permissible under Rule 26(b)(1). For these reasons, Association Defendants' objections are sustained.

### 5. Information about non-party tenants and owners of units in the building

Association Defendants argue that certain discovery requests improperly seek information about non-party tenants who have nothing to do with this case. [ECF No. 276, at 7-8.] Because this contention involves more than a dozen discovery requests, the chart below provides a brief description of each request, the Court's ruling, and the basis for the ruling.

| Request to Produce or Interrogatory, and Page in Defendants' motion | Information sought[3] | Ruling |
|---|---|---|
| 1st Set of Interrogatories: No. 13[4]<br><br>Page 7 of Association Defendants' Motion | Name, address, and phone number of each handicapped resident | Objection sustained: overbroad.<br><br>The contact information for residents who have different disabilities from Plaintiffs and requested/received different accommodations than those at issue in this case is not discoverable. Therefore, this request is overbroad |
| 1st Set of Requests for Production: No. 43<br><br>Page 7 of Association Defendants' Motion | Complete copy of every tenant's file | Objection sustained: overbroad.<br><br>Not every piece of information in every tenant's file is discoverable in this case. Certain information within certain tenant's files may be relevant to a claim or defense. But most of what is contained in most files is likely to be completely irrelevant to this case. Plaintiffs' |

---

[2] Plaintiffs have not identified any language from the policy or any other facts that support this contention.
[3] Often, these requests were limited in their temporal scope. Because none of the Court's rulings described in this chart are based on the timeframe at issue, such limitations are not described in the chart.
[4] Association Defendants list Request No. 43 from the First Set of Requests for Production along with this interrogatory. [ECF No. 276, at 7.] But that request does not ask for the information that they characterize it as seeking. Therefore, this pairing seems to have been made in error.

5

| | | discovery request is not tailored in any way to seek only relevant information. |
|---|---|---|
| **1st Set of Requests for Production: No. 44**<br><br>Page 7 of Association Defendants' Motion | Complete copy of every tenant's move-out file | Objection sustained for the same reasons provided with respect to Request to Produce No. 43. |
| **1st Set of Requests for Production: No. 64**<br><br>Page 7 of Association Defendants' Motion | All stored data about the management or operation of State Parkway | Objection sustained: overbroad.<br><br>Only stored data relevant to a claim or defense in this case is discoverable. As with many of Plaintiffs' discovery requests, this request may seek some relevant information. Its scope, however, is not circumscribed to any meaningful extent to the claims raised in this case. |
| **1st Set of Requests for Production: No. 57**<br><br>Page 7 of Association Defendants' Motion | Any document that refers to any complaint about the management or operation of the property | Objection sustained: overbroad.<br><br>Documents related to complaints that stem from factual situations entirely distinct from those that underlie the claims in in this case are not discoverable. Although documents related to some complaints may be discoverable, this request sweeps much broader than is permissible. |
| **1st Set of Requests for Production: Nos. 31, 32**<br><br>Page 7 of Association Defendants' Motion | All requests for information from tenants other than Plaintiffs, and all responses to those requests | Objection sustained: overbroad.<br><br>Not every request and response, irrespective of its factual genesis, is discoverable in this case. Certain requests for information and responses to those requests may be relevant if they relate to similar accommodations to those at issue in this case, the imposition of similar fines, and the other areas in which Plaintiffs allege that they were treated differently. But this request is not so limited. |
| **1st Set of Requests for Production: No. 50**<br><br>Page 7 of Association Defendants' Motion | All forms regarding rules or regulations of tenancy that any new tenant was required to sign | Objection sustained: overbroad.<br><br>Forms regarding rules and regulations that have no bearing on this case are not discoverable. Only a small handful of State Parkway's rules and regulations are relevant to this case. Therefore, this discovery request is overbroad. |

| | | |
|---|---|---|
| **1st Set of Requests for Production: No. 54**<br><br>Page 7 of Association Defendants' Motion | All eviction documents | Objection sustained: overbroad.<br><br>Plaintiffs have not been evicted from their condominium. Even if they had been, that would not make every eviction document discoverable. Rather, such documents are only discoverable to the extent they may have information related to a claim or defense in this case. |
| **1st Set of Requests for Production: Nos. 51, 52**<br><br>Page 7 of Association Defendants' Motion | A document describing the layout/floor plan of State Parkway, and a document describing the layout of the grounds at State Parkway | Objection overruled.<br><br>Some of the claims in this case relate to the use of the common areas, common areas, stairwell, hallways, and lobby channel. The requested documents, if they exist, could provide information relevant to these claims. Moreover, production of these documents should not be burdensome. |
| **1st Set of Interrogatories: No. 2**<br><br>Page 7 of Association Defendants' Motion | Contact information for every tenant who owned a dog and every non-tenant dog-owner who was permitted to bring his or her dog into State Parkway | Objection sustained in part and overruled in part: overbroad.<br><br>Dog owners who never brought their dog on the passenger elevator or through common areas will not have information relevant to this case. But tenant dog owners who did may well have discoverable information. To the extent possible, Association Defendants should identify those tenants. In all other respects—including with respect to non-tenant dog owners—the objection is sustained. |
| **1st Set of Interrogatories: No. 1**<br><br>Page 8 of Association Defendants' Motion | Contact information for everyone who occupied a unit in State Parkway | Objection sustained: overbroad.<br><br>Although some unit owners may have information relevant to the claims and defenses in this case, Plaintiffs have not made any attempt to narrow their request to such a subset. |
| **1st Set of Interrogatories: No. 3**<br><br>Page 8 of Association Defendants' Motion | Type of unit and unit number for every unit in State Parkway | Objection sustained: irrelevant.<br><br>Plaintiffs contend in their brief that they need this information because State Parkway's management discriminated against Plaintiffs because three people resided in their one-bedroom apartment. [ECF No. 287, at 17.] Plaintiffs believe having this information will allow them to determine how the management treated other residents who had three people living in a one-bedroom apartment. |

| | | Nothing in the complaint alleges discrimination based on the number of persons living in Plaintiffs' condominium. Therefore, this information is not relevant to the claims and defenses in this case. |
|---|---|---|
| **1st Set of Interrogatories: No. 4**<br><br>Page 8 of Association Defendants' Motion | Contact information for every agent, employee, or contractor who worked on the operation, maintenance, or management of Plaintiffs' building | Objection sustained: irrelevant, overbroad.<br><br>Plaintiffs want this information so that they can ask employees about Association Defendants' enforcement of condominium rules before January, 2007 (when Plaintiffs allegedly engaged in protected activity). [ECF No. 287, at 17.] But their request for the contact information of every agent, employee, and contractor, including those who do not have any information about rule enforcement, covers much irrelevant information and thus is overbroad. |
| **1st Set of Interrogatories: No. 5**<br><br>Page 8 of Association Defendants' Motion | Contact information for every person who has had an ownership interest in Plaintiffs' building | Objection sustained: irrelevant, overbroad.<br><br>This information is not relevant to the claims and defenses in this case. |

### 6. Financial and management information

Association Defendants argue that certain discovery requests improperly seek information relating to the finances and operation of Plaintiffs' Building. [ECF No. 276, at 7-8.] These objections will be ruled upon in the same chart format used above.

| Request to Produce or Interrogatory, and Page in Defendants' motion | Information sought[5] | Ruling |
|---|---|---|
| **3rd Set of Requests for Production: Nos. 2-9**<br><br>Page 3 of Association Defendants' Motion | State Parkway's Audit Workpapers, Audited Financial Statements, and a Comparable Assessments Report | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs with respect to State Parkway's financial operation. Plaintiffs do contend that State Parkway retaliated against them by falsely claiming they made too many requests for records and by not providing copies of the records. The actual records themselves, however, are not relevant to such claims. |

---

[5] Often, these requests were limited in their temporal scope. Because none of the Court's rulings described in this chart are based on the timeframe at issue, such limitations are not described in the chart.

| | | |
|---|---|---|
| **1st Set of Requests for Production: Nos. 59-61**<br><br>Page 4 of Association Defendants' Motion | All evidence supporting the allegations made in the state court litigation | Objection sustained in part and overruled in part: overbroad, disproportionate.<br><br>Association Defendants must produce documents that support their state law claims in the state court action, as discussed in paragraphs 30 and 34 of Plaintiffs' complaint, that Plaintiffs allege was filed in retaliation for complaints they made as people with disabilities.<br><br>In light of this ruling, the Court will analyze other, overlapping discovery requests only with respect to the requested information that is not encompassed within the permitted scope of Request for Production Nos. 59-61. |
| **1st Set of Requests for Production: Nos. 41-42**<br><br>Page 4 of Association Defendants' Motion | All personnel documents and every document that refers to all former employees' last known addresses, telephone numbers, or social security numbers | Objection sustained: irrelevant, overbroad.<br><br>Plaintiffs state in their initial brief that they "believe" State Parkway did not discipline personnel who failed to perform for Plaintiffs, but did so if the same personnel failed to perform for other residents. [ECF No. 287, at 10.] No such claim is asserted in the complaint. Even if there were such an allegation, this request would still be overbroad. |
| **1st Set of Interrogatories: No. 7**<br><br>Page 5 of Association Defendants' Motion | Contact information for everyone who was fined at any residential property managed by any defendant | Objection sustained: irrelevant, overbroad.<br><br>Even if Plaintiffs could discover contact information for people who were fined at State Parkway for supposed violations similar to those underlying Plaintiffs' fines, this discovery request would be overbroad. The request is not limited to State Parkway and is not limited to fines similar to those assessed against Plaintiffs. Although Plaintiffs contend Defendants may be discriminating or retaliating against other residents at other properties, this is not a class action lawsuit, and discovery into such matters is disproportionate to the claims and defenses in this case. |
| **1st Set of Interrogatories: No. 14**<br><br>Page 5 of Association Defendants' Motion | Describe in detail and quantity all violation income State Parkway levied for violations of its rules and regulations | Objection sustained: irrelevant, overbroad.<br><br>State Parkway's income from fines is not relevant to any claim or defense in this case. The details behind certain fines may be relevant to this case because Plaintiffs allege that they were subject to disparate treatment with respect to rule and regulation violations. This discovery request, however, is not tailored to target information |

9

| | | relevant to this claim. |
|---|---|---|
| **1st Set of Requests for Production: No. 4**<br><br>Page 5 of Association Defendants' Motion | All security videos and/or photos retrieved from State Parkway's security system | Objection sustained: overbroad.<br><br>Plaintiffs contend that they need every video and photo ever retrieved from State Parkway's security system to "determine if there is a discriminatory pattern and practice of downloading videos and/or photos." [ECF No. 287, at 13.] There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs with respect to their use of the videos/photos. Instead, Plaintiffs are concerned that Association Defendants selectively deleted a handful of key videos or photos. *Id.* at 12. The Court understands Plaintiffs' concern in this regard, and properly tailored discovery related to this issue may be appropriate. But that does not give Plaintiffs carte blanche to demand every video and photo. |
| **1st Set of Requests for Production: Nos. 12-13**<br><br>Page 5 of Association Defendants' Motion | All invoices and fee charges regarding the maintenance/upgrading of State Parkway's security system and the retrieval of photos and videos from that system | Objection sustained: irrelevant, overbroad.<br><br>It is unclear exactly what Plaintiffs think this information is relevant to. They seem to believe that State Parkway may have deleted videos or photos under the guise of upgrading its security system in late 2006. [ECF No. 287, at 13.] Regardless, they have failed to identify any evidence to substantiate this belief or explain the relevance of lost videos that predate the alleged discriminatory and retaliatory conduct at issue in this case. Moreover, even if the records related to the 2006 upgrade were relevant, these discovery requests would be overbroad because they seek substantially more documents that are unrelated to the upgrade than are related to it. |
| **1st Set of Requests for Production: No. 29**<br><br>Page 5 of Association Defendants' Motion | All telephone calls, telephone messages, or notes of telephone conversations between any plaintiff and any association defendant | Objection sustained: irrelevant, overbroad.<br><br>There is a claim in this case that Association Defendants retaliated against Plaintiffs by filing a frivolous state court action that seemingly touched on Plaintiffs communications with Association Defendants. As described above, the Court is ordering that Association Defendants provide discovery related to this claim. To the extent this discovery request exceeds the already ordered discovery, it encompasses irrelevant information and is overbroad. |

| | | |
|---|---|---|
| **1st Set of Requests for Production: No. 38**<br><br>Page 5 of Association Defendants' Motion | All documents that constitute, discuss, describe, reflect, record, mention, comment upon, or otherwise refer to any plaintiff | Objection sustained: overbroad.<br><br>Plaintiffs assert that they "believe" these documents "will demonstrate that Association Defendants unfairly focused their attention on the Plaintiffs in order to find a way to accuse them of rule violations." [ECF No. 287, at 15.] Documents related to fabricating rule violations may be relevant to Plaintiffs' claims. This discovery request, however, sweeps in every document that references Plaintiffs, not just those that reference Plaintiffs with respect to some rule violation. The more generalized notion of "focusing attention" on Plaintiffs is too untethered to a claim in this case as to establish relevance. |
| **1st Set of Requests for Production: No. 17**<br><br>Page 6 of Association Defendants' Motion | All communications regarding the removal of the American Flag | Objection sustained: irrelevant.<br><br>Plaintiffs contend in their brief that the Board of Directors removed an American flag flown outside State Parkway "to elicit a response from Mr. Novak." [ECF No. 287, at 16.] This incident is not mentioned in the complaint and does not form the basis of a claim in this case. |
| **1st Set of Requests for Production: No. 18**<br><br>Page 6 of Association Defendants' Motion | All communications regarding banning unit owners and tenants from going up the gated stairs at State Parkway | Objection overruled.<br><br>Plaintiffs allege that Association Defendants made discriminatory and/or retaliatory changes to the stairway rules. Discovery related to this claim, subject to the time limitation previously discussed, is proper. |
| **1st Set of Requests for Production: No. 16**<br><br>Page 6 of Association Defendants' Motion | List of elevator breakdowns at State Parkway by date, car, and whether people were trapped | Objection sustained in part and overruled in part: irrelevant, overbroad.<br><br>Plaintiffs allege that Association Defendants falsely accused them of violating State Parkway's elevator rules with respect to pets. Specifically, Plaintiffs claim that they took their service animal on passenger elevators when the service elevator was broken, but were then told they should have used the service elevator. Therefore, documents that disclose (or "list" in Plaintiffs' words) whether the service elevator was broken at a time when Plaintiffs took the passenger elevator with their animal and subsequently were confronted by any association defendant is relevant to this case. The additional information sought by this discovery request, though, is irrelevant. |

| | | |
|---|---|---|
| 1st Set of Requests for Production: No. 19<br><br>Page 6 of Association Defendants' Motion | All communications among all defendants and/or their predecessors regarding changes to board meeting configuration, seating, adding or removing furniture, revising seat or seats, duration and format, agenda posting, format of open forum, scripted vs. unscripted etc. | Objection sustained: irrelevant, overbroad.<br><br>Plaintiffs' allegations of discrimination and retaliation with respect to board meetings are relatively minimal. They have to do with whether Plaintiffs were improperly denied the opportunity to speak and to receive CART transcripts. This discovery request seeks substantially more information about the board meetings, covering many matters that are entirely unrelated to a claim or defense in this case, such as removing furniture and moving seats. |
| 1st Set of Requests for Production: No. 20<br><br>Page 6 of Association Defendants' Motion | All communications banning the practice of sliding communications under unit owners' doors | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs by banning the practice of sliding communications under unit owners' doors. |
| 1st Set of Requests for Production: No. 11<br><br>Page 6 of Association Defendants' Motion | All communications regarding the elimination of the contracted Recording Secretary position at State Parkway's board and unit owner meetings | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs by eliminating the Recording Secretary position. And Plaintiffs have not explained the relevance of this request to any claim or defense in this case. |
| 1st Set of Requests for Production: No. 22<br><br>Page 6 of Association Defendants' Motion | All communications about limiting unit owner questions or comments during board meetings | Objection sustained: overbroad.<br><br>Plaintiffs do allege that Association Defendants falsely accused them of asking too many questions at board meetings. This discovery request, however, extends far beyond this claim. |
| 1st Set of Requests for Production: No. 26<br><br>Page 6 of Association Defendants' Motion | All communications to tenants and unit owners regarding sharing elevators with other tenants and unit owners | Objection sustained: irrelevant, overbroad.<br><br>Plaintiffs do allege discrimination and retaliation with respect to their use of the elevator. Their claim, however, has to do with taking animals on the elevator, not sharing the elevator with other tenants and unit owners. |
| 1st Set of Requests for Production: No. 25<br><br>Page 6 of Association | All communications regarding proposed changes to collection policies | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs with respect |

| | | |
|---|---|---|
| Defendants' Motion | | to State Parkway's collection policies. |
| **7th Set of Requests for Production: No. 1**<br><br>Page 6 of Association Defendants' Motion | All communications and documents with respect to the bed bug policy adopted in March, 2014 | Objection sustained: irrelevant.<br><br>The complaint alleges that Association Defendants retailed against Plaintiffs by changing certain rules. The complaint identifies specifically what rule changes are at issue in this case (those having to do with deliveries, and stairwells and hallways). The complaint never mentions bed bugs. Plaintiffs state in one sentence in their response brief that they "presume" the new bed bug policy was adopted because they were the only residents with bedbugs in March, 2014. This stray, conclusory reference does not turn the bed bug policy into the basis of a claim at issue in this case. Therefore, information about the policy change is not relevant. |
| **4th Set of Requests for Production: Nos. 1-3**<br><br>Page 6 of Association Defendants' Motion | All Maintenance Service Requests Forms for maintenance worked performed by State Parkway's maintenance staff since January 1, 2007 | Objection sustained: irrelevant, overbroad.<br><br>Plaintiffs contend that they need these documents because their "forthcoming amended complaint will show . . . [they] were subject to improper maintenance charges for wastewater backing into their unit." [ECF No. 287, at 16.] As this contention implicitly acknowledges, no such claim is asserted at this time in the operative complaint. |
| **1st Set of Requests for Production: Nos. 63-64**<br><br>Page 6 of Association Defendants' Motion | All reports and data prepared or used by any defendant or his/hers/its agents regarding the operation of State Parkway | Objection sustained: overbroad.<br><br>These two discovery requests are exceedingly broad in their scope, potentially encompassing just about every report and all data maintained by Association Defendants. Plaintiffs have not included any limits that direct these requests to information related to a claim or defense in this case. Instead, it is clear that the requests' scope dramatically exceeds the matters raised in their complaint. |
| **4th Set of Requests for Production: No. 4**<br><br>Page 6 of Association Defendants' Motion | General ledgers of charges and credits for State Parkway's Maintenance Service Income account | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs with respect to the financial operation of State Parkway. |
| **1st Set of Interrogatories: No. 15**<br><br>Page 6 of Association | All legal fees incurred by State Parkway from 2001 to the present | Objection sustained: irrelevant.<br><br>There is no claim in this case that any defendant discriminated or retaliated against Plaintiffs by paying |

| | | |
|---|---|---|
| Defendants' Motion | | legal fees. |
| **1st Set of Interrogatories: No. 16**<br><br>Page 6 of Association Defendants' Motion | Each type/category of documents created/maintained in the operation, maintenance, and management of State Parkway | Objection sustained: overbroad.<br><br>As with Request Nos. 63 and 64, Interrogatory No. 16 is incredibly broad in its sweep. The interrogatory seeks information related to documents, regardless of whether those documents have anything to do with a claim or defense in this case. |

For these reasons, Defendants' Second Amended Motion for Protective Order [ECF No. 276] is granted in part and denied in part.

Defendants shall produce the documents that they are required to produce in accordance with this Order by 7/11/16, which is 15 days from the date of this Order.

A status hearing is set for 8/4/16 at 11:00 a.m.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 24, 2016