UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL NOVAK, CHRISTINA NOVAK, and their daughter, T.N., | ) ) ) |
| Plaintiffs, | ) ) No. 13-cv-8861 |
| v. | ) ) Jeffrey T. Gilbert ) Magistrate Judge |
| STATE PARKWAY CONDOMINIUM ASS'N, DONNA WEBER, and LIEBERMAN MANAGEMENT SERVS., INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Defendants' Motion for Protective Order under Rule 26(c)(1)(B) [477] is granted in part and denied in part. The motion hearing noticed for 6/15/17 at 9:15 a.m. [477] is stricken. Status hearing for a report on the parties' progress with discovery set for 6/19/17 at 2:30 p.m. See Statement below for further details.

## STATEMENT

1. This matter is now before the Court on Defendants' Motion for Protective Order under Rule 26(c)(1)(B) [477].

2. Defendants are seeking a protective order providing that they need not pay for certain travel expenses incurred by Plaintiffs in connection with the deposition of Donna Weber in Florida. Defendants offered to pay the airfare for Mr. Novak to travel to and from Florida. [430 at 1]; [442 at 4]; [477, ¶ 1]. Defendants represent, though, that Plaintiffs want Defendants to cover all travel expenses related to deposing Weber (including airfare, lodging and meals) for both Mr. Novak and T.N. [477, ¶ 1]. In response, Plaintiffs say they have not asked Defendants to cover meals but do not refute Defendants' representation regarding the other expenses. [478, ¶ 2].

3. The Court already ruled it would not require Weber to be deposed in Chicago, Illinois, because "'there is a presumption that a defendant . . . shall be deposed in the district where the deponent resides'" and Plaintiffs have not rebutted the presumption. [442 at 3–4] (quoting *DeGeer v. Gillis*, 2010 WL 3732132, at *1 (N.D. Ill. Sept. 17, 2010)). Although Defendants have offered to pay some of Plaintiffs' travel expenses incurred to depose Weber in Florida, they arguably are not required to cover any of those expenses. At a minimum,

Plaintiffs have not identified a basis for requiring Defendants to pay for more than Mr. Novak's airfare, which Defendants volunteered to do. Therefore, Defendants' Motion for Protective Order is granted to the extent that Defendants are not required to pay Plaintiffs' travel expenses other than Mr. Novak's airfare.

4. Defendants also are seeking a protective order limiting the duration of the depositions of Donna Weber, State Parkway's Rule 30(b)(6) representative, and Lieberman Management Services, Inc.'s Rule 30(b)(6) representative. [477, ¶ 1]. Defendants ask that each deposition be limited to one seven-hour day. *Id.* Plaintiffs, on the other hand, want to have up to two seven-hour days for each deposition, although they say the deposition of Lieberman's Rule 30(b)(6) representative may only take one day. [478, ¶ 1].

5. As the Court explained on the record during the status hearing held on March 23, 2017, it is not unreasonable to think Plaintiffs will need additional time to depose Weber. Plaintiffs Mr. and Mrs. Novak have communicative disabilities. Their daughter, T.N., is 19 years old. Weber is a defendant in this case and she was involved during a multiyear period in a number of the alleged events that form the basis of Plaintiffs' claims in this lawsuit. As already noted, the parties will have to travel to Florida to depose Weber. Were the Court to limit Weber's deposition to seven hours, that could force the parties to incur significant additional travel expenses if Plaintiffs successfully moved to reopen the deposition after they returned to Chicago, thus requiring a second trip to Florida. Therefore, the Court grants Plaintiffs leave to depose Weber for up to two consecutive seven-hour days, if needed, and denies Defendants' Motion for Protective Order to the extent it seeks to limit the deposition of Weber to seven hours. Of course, if Plaintiffs can complete Weber's deposition in less than 14 hours, they should do so.

6. The analysis is not the same with respect to the Rule 30(b)(6) depositions of State Parkway and Lieberman. Under Federal Rule of Civil Procedure 30(d)(1), depositions are limited to one seven-hour day unless otherwise stipulated by the parties or ordered by the Court. FED. R. CIV. P. 30(d)(1). The Court is not convinced at this time that Plaintiffs will need to exceed the seven-hour limit for these depositions. In fact, as already noted, Plaintiffs state they may not need more than seven hours to depose Lieberman's Rule 30(b)(6) representative. Moreover, if Plaintiffs conduct each deposition for one seven-hour day and then conclude they need more time for either one, Plaintiffs can file a motion with the Court seeking that relief (assuming Defendants do not agree to Plaintiffs' request for more time). Then, with the benefit of a fully developed record, the Court can decide whether additional time is needed. Because the depositions will occur in Chicago, Illinois, neither party would incur significant travel expenses if either deposition were reopened. Therefore, the Court grants Defendants' Motion for Protective Order to the extent it seeks to limit the Rule 30(b)(6) depositions of State Parkway and Lieberman to one seven-hour day each, without prejudice to Plaintiffs' ability to seek more time for either deposition after the first full day of testimony.

7. For the reasons stated above, Defendants' Motion for Protective Order under Rule 26(c)(1)(B) [477] is granted in part and denied in part.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 9, 2017