UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL NOVAK, CHRISTINA NOVAK, and their daughter, T.N., | )<br>)<br>) |
| Plaintiffs, | ) No. 13-cv-8861<br>) |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| STATE PARKWAY CONDOMINIUM ASS'N, DONNA WEBER, and LIEBERMAN MANAGEMENT SERVS., INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

### ORDER

Plaintiffs' Motion to Strike Depositions of Michael J. Novak and Christina Bugelas Novak [499] is denied. See Statement below for further details.

### STATEMENT

1. This matter is now before the Court on Plaintiffs' Motion to Strike Depositions of Michael J. Novak and Christina Bugelas Novak [499]. Plaintiffs have moved to "strike" these two depositions because of supposed problems that arose during those depositions with the court reporter who transcribed the deposition of Plaintiff Michael Novak ("Mr. Novak") and the CART reporter for the deposition of Plaintiff Christina Novak ("Mrs. Novak"). Plaintiffs' proposal is that the Court order Mr. and Mrs. Novak be re-deposed. Presumably, Plaintiffs also want the Court to preclude Defendants from using Mr. and Mrs. Novak's testimony from their original depositions.[1]

2. On March 14, 2017, Mr. Novak was deposed in this case. Mr. Novak agreed prior to his deposition that, if Defendants arranged for a court reporter who would provide a realtime

---

[1] In the alternative, Plaintiffs seek a ruling that, for the purposes of summary judgment and at trial, Mr. and Mrs. Novak's errata sheets will be accepted as accurate and Defendants will be precluded from impeaching them with the errata sheets. As a general matter, when a deponent completes an errata sheet, "the jury is permitted to hear the original answer, the change, and the reasons for the change and decide—in the context of all the other evidence—whether to credit either answer and what weight to assign it." *Arce v. Chicago Transit Auth.*, 311 F.R.D. 504, 511 (N.D. Ill. 2015). To the extent Plaintiffs are seeking an evidentiary ruling regarding their depositions and errata sheets, Plaintiffs should seek that ruling from the trial judge in the context of motions for summary judgment or motions *in limine*.

transcript, Mr. Novak would not also need a CART reporter. [507, ¶ 1]. During the deposition, the court reporter provided Mr. Novak with a video monitor that displayed the requested realtime transcript.

3. Plaintiffs argue Mr. Novak's deposition should be stricken because the court reporter transcribing the deposition was not sworn in. Plaintiffs do not cite any authority for the proposition that court reporters must take an oath before transcribing a deposition. In the Court's view, the plain meaning of Federal Rule of Civil Procedure 30, which governs depositions by oral examination, is inconsistent with such a requirement. Rule 30(b)(5)(A) specifies what an officer appointed or designated under Rule 28 (*i.e.*, a court reporter) must do before a deposition begins. The provision requires, among other things, that the court reporter state on the record that she or he has administered an oath (or affirmation) to the deponent. FED. R. CIV. P. 30(b)(5)(A); *see also* FED. R. CIV. P. 30(f)(1) ("The officer must certify in writing that the witness was duly sworn . . . ."). But no provision of Rule 30 requires the court reporter himself to take an oath before transcribing the deposition. Under the principle *expressio unius est exclusio alterius*, the expression of "one item of an associated group or series excludes another left unmentioned." *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002) (quoting *United States v. Vonn*, 535 U.S. 55, 65 (2002)). Thus, "[i]f a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017). In this case, Rule 30 outlines what must happen at the start of a deposition and explicitly addresses the issue of oaths. By only mandating that the deponent take an oath, the Rule implies no other participant in the deposition is required to do so.

4. Rule 30(b)(5)(A) is not the only part of Rule 30 that is problematic for Plaintiffs' argument. Rule 30(f)(1) requires that the court reporter "certify in writing that . . . the deposition accurately records the witness's testimony." FED. R. CIV. P. 30(f)(1). Because a court reporter must certify in writing after transcribing the deposition that he did so accurately, it is not clear what purpose would be served by mandating that he also take an oath to transcribe accurately at the start of a deposition. *See In re Appling*, 848 F.3d 953, 959 (11th Cir. 2017) (No provision "should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.") (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012)). Therefore, the Court rejects Plaintiffs' first argument in support of their request to strike Mr. Novak's deposition.

5. It is unclear whether Plaintiffs also intend to argue Mr. Novak's deposition should be stricken because the court reporter made errors in transcribing the deposition. *See* [507, ¶¶ 3–8]. Both parties agree that most of the changes noted by Mr. Novak on his errata sheet are minor. [503, 5] ("A majority of the changes to Mr. Novak's testimony are immaterial"); [507, 3] (". . . Mr. Novak['s] errata sheet identifies numerous errors, the vast majority of which were minor.").[2] There simply is no indication either in Plaintiffs' Motion or in Mr.

---

[2] The Court notes Mr. Novak's errata sheet does not necessarily indicate the court reporter made a significant number of errors. [499-3]. Mr. Novak proposes roughly ten alterations or deletions to deal with instances where he admittedly misspoke, he was talking with the court reporter, he answered a previous question, and he failed to answer a question. Mr. Novak identifies a smattering of relatively

2

Novak's errata sheet that the deposition transcript is so riddled with errors as to require another deposition. *See Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1407 (N.D. Ill. 1993) ("A deposition should be reopened only if the changes make the deposition incomplete or useless without further testimony.") (quoting *Lugtig v. Thomas*, 89 F.R.D. 639, 642 (N.D. Ill. 1981)). Moreover, Rule 30(e) provides the appropriate vehicle for addressing a deponent's proposed changes, in form or substance, to a deposition transcript. Rule 30(e) also "requires that the original transcript be retained (this is implicit in the provision of the rule that any changes made by the deponent are to be appended to the transcript) so that the trier of fact can evaluate the honesty of the alteration." *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000). Mr. Novak already has taken advantage of that provision by completing his errata sheet. Therefore, the Court will not strike Mr. Novak's deposition because of the errors identified in his errata sheet. *See supra* note 1.

6. On June 17, 2017, Mrs. Novak was deposed in this case. At Plaintiffs' request, Defendants arranged for a court reporter, a CART reporter, and an oral transliterator for Mrs. Novak's deposition. Plaintiffs do not complain about the performance of the court reporter or the oral transliterator. But they argue Mrs. Novak's deposition should be stricken because of the CART reporter.

7. Plaintiffs first argue the CART reporter should have been sworn in because she functioned as an "interpreter." Defendants do not dispute the proposition that interpreters must take an oath and they point out that the oral transliterator did so. Instead, Defendants contend the CART reporter did not function as an interpreter during Mrs. Novak's deposition. An interpreter is "[s]omeone who translates, [especially] orally, from one language to another." *Interpreter*, BLACK'S LAW DICTIONARY (10th ed. 2014). The word encompasses, for example, those who translate sign language or a foreign language into English (or vice versa). *See id.* That, however, is not what CART reporters do. "CART is a word-for-word transcription service, similar to court reporting, in which a trained stenographer provides real-time captioning that appears on a computer monitor." *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1092 (9th Cir. 2013). During Mrs. Novak's deposition, all the CART reporter did was record in written English the testimony that Mrs. Novak gave in English, as translated by the oral transliterator, and statements made and questions asked in English by others present (including attorneys and Mr. Novak). All court reporters transcribe spoken English into written English. The Court does not see why such an activity constitutes "interpretation" and Plaintiffs have not cited any authority to that effect.

8. Plaintiffs also object that the CART reporter provided by Defendants, Gwen Bedford, was a certified shorthand reporter, not a certified CART reporter. Plaintiffs do not cite any authority requiring that CART reporters who participate in a deposition be certified as CART reporters. If such authority exists, then it was incumbent upon Plaintiffs to cite it to the court in support of their argument. The Court is not convinced by Plaintiffs' undeveloped and

---

minor typos and spelling errors. He seeks to append answers with material he decided, after the deposition, that he wished he had included in his answers at the deposition. And the reason given for the vast majority of his proposed changes is: "Either I misspoke or the court reporter misunderstood me." None of this is unusual in a deposition of a hearing person let alone a person with a communicative disability such as Mr. Novak.

unsupported argument. In addition, there is no indication that the lack of a formal certification for the CART reporter here had any substantive or negative effect upon the deposition.

9. Further, there is no indication Defendants acted in bad faith by arranging for Bedford to provide CART services. Defendants struggled to find a day when they could depose Mrs. Novak with a court reporter, a CART reporter, and an oral transliterator because of Mrs. Novak's work schedule. [503, ¶ 13 n.2]. Although Bedford is not a certified CART reporter, she has "more than 10 years of CART experience." [483 at 1]. Defendants represent in their response brief that Bedford "advised the parties before the deposition that the Novaks were familiar to her as she had provided CART services for them on at least one prior occasion" and that Plaintiffs "did not object to her rendering CART services at that time." [503, ¶ 14]. In their reply brief, Plaintiffs say they did not recognize Bedford. [507, ¶ 9]. But Plaintiffs do not claim they told Defendants as much. So, it is understandable why Defendants believed Plaintiffs consented to proceeding with Bedford serving as the CART reporter.

10. Plaintiffs contend Bedford made numerous errors during Mrs. Novak's deposition. But Plaintiffs simply assert as much in conclusory and general terms; they do not describe any specific errors or provide other relevant information, such as how often errors were made. Importantly, Plaintiffs do not explain how Bedford's performance prejudicially impacted Mrs. Novak's testimony. (As already noted, a separate court reporter was present and recorded the official transcript of the deposition.) Without more information, the Court cannot determine, among other things, whether Bedford's performance actually was deficient and, if so, whether Plaintiffs were prejudiced as a result. Moreover, as the Court already explained, Rule 30(e) provides an appropriate vehicle to correct errors in a deposition transcript. To the extent Plaintiffs believe Bedford's performance impacted Mrs. Novak's testimony, they can indicate as much on Mrs. Novak's errata sheet with the benefit of a written transcript of the question asked and the answer as transcribed. As of the filing of Plaintiffs' Motion, however, Mrs. Novak had not yet completed an errata sheet. If and to the extent the purported errors identified by Mrs. Novak are substantial, then the Novaks can ask the trial judge to deviate from the general procedure of allowing the jury to know the original answer as transcribed as well as the corrected answer to a particular deposition question.

For all of the reasons stated above, Plaintiffs' Motion to Strike Depositions of Michael J. Novak and Christina Bugelas Novak [499] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 21, 2017

4